Lillian Taylor Štajnbaher
Trademarks Domestic International Inc
240 E Palmetto Park Road, Suite 320E
Boca Raton, Florida 33432
Tel: 954-319-3153
LStajnbaher@tmdi.law

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FIRE LYFE LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID JIANG,<br><br>　　　　Defendant | Case No.: 2:23-cv-6114<br><br>COMPLAINT |

Comes now PLAINTIFF FIRE LYFE LLC, (hereinafter "PLAINTIFF") priority owner of the USPTO Registrations for the trademark "FIRE" with Registration Number 7037283, for tobacco goods (IC 034) and clothing goods (IC 025), and registrations, having a filing date of November 19, 2018, and registrations and applications for FIRE-formative marks, with common law use of FIRE and FIRE-formative marks, including for shirts, shorts, sweatshirts, sweatpants, jackets, and bags, beginning in 2013, including the following:

//

//

| Serial Number | Reg. Number | Trademark |
|---|---|---|
| 97115086 | | FIRE CONES |
| 97793221 | | FIRE |
| 90376742 | 6734440 | FIRE FLAVA'S |
| 88287086 | 6660021 | FIRE LYFE |
| 88287182 | 6283750 | FIRE PAPERS |
| 88287180 | 6283749 | FIRE WRAPS |
| 88287091 | 6206376 | FIRE LEAF |

PLAINTIFF complains of having been harmed by actual confusion and by intentional mimicry of PLAINTIFF'S branding look and feel, caused by junior user DAVID JIANG's (hereinafter "DEFENDANT), use of the marks FIRE, FIRE XL, ONLY SMOKE FIRE, and FIRE USA, for IC 034 and IC 025 goods, the subject of Application Serial Numbers 97385634, 97833462, 97833487 and 97383469, for IC 025 and 034.  PLAINTIFF asserts causes of action for trademark infringement, willful infringement, and unfair faith trade practices, seeking equitable relief, remedial damages, punitive damages, attorneys fees and costs, and such other and further relief as grounds therefor are proven, as follows.

## JURISDICITONAL ALLIGATIONS

1. DEFENDANT operates his business in the City and County of Los Angeles, California which is within geographic region that is encompassed by the jurisdiction

of this court.

2. This matter concerns federal questions, being rights to ownership of federal trademark registration, and common law trademark rights derived from use of marks in interstate commerce regulated exclusively by the U.S. Congress, jurisdiction granted exclusively to the federal government by the Lanham Act, 15 US Code Section 1051. Additionally, the parties are diverse.

3. The Court thus properly exercises personal jurisdiction over the Defendant, and subject matter jurisdiction of the matters herein to be determined.

FIRST CAUSE OF ACTION

Trademark Infringement

4. DEFENDANT owns the mark FIRE with a lion design, and has been using the same since at least 2013. Plaintiff has invested considerable time, effort, and resources in building the "FIRE" brand, establishing a strong presence in the market.

5. The purchasing public has come to recognize the FIRE brand of grabba tobacco, and to recognize the FIRE brand as a source of many other tobacco products.

6. In or around 2021, DEFENDANT began marketing FIRE and ONLY SMOKE FIRE branded vaping devices, at the same trade shows in which PLAINTIFF regularly maintains a wholesale display and sells, creating a high likelihood of confusion in the minds of ordinary consumers.

7. The visual, phonetic, and conceptual resemblance between the parties' marks is unmistakable, the word FIRE being either identical, or the dominant part of each,

and the mark ONLY SMOKE FIRE, at essence, directing that the purchasing public should only smoke the FIRE brand of tobacco products.

8. DEFENDANT's uses of FIRE and ONLY SMOKE FIRE, are for and on the same International Class 034 good as those of PLAINTIFF's FIRE marks, encompassing tobacco products, smokers' articles, hemp smoking apparatus, and related goods.

9. Vaping devices are within the natural scope of expansion for companies selling smoking goods and devices.

10. PLAINTIFF had already sought and obtained the necessary official authority to expand his product line to vaping devices, when learning of DEFENDANT'S uses.

11. The existence of these identical and closely related marks in the same classifications for similar goods and good within the naturally anticipated expansion, caused actual confusion, with consumers misled and believing that the source of DEFENDANT'S goods was PLAINTIFF FIRE LYFE, LLC.

12. Defendant's use of identical and similar marks directly competes with and erodes the distinctiveness of FIRE LYFE, LLC's trademark, threatening to prevent its natural expansion, thus potentially causing irreparable harm to PLAINTIFF'S investment of time and resources.

SECOND CAUSE OF ACTION

Willful and Intentional Trademark Infringement

13. PLAINTIFF adopts and incorporates the above Paragraphs 4 through 8, and 11 as though fully set forth herein.

14. DEFENDANT's adoption of the FIRE marks during the year 2022, was accompanied by a marketing campaign that highly resembled that of PLAINTIFF, both in advertising copy, highly sexualized imagery, and in the use of endorsements and suggestions of endorsements from edgy celebrities. In so doing, DEFENDANT made a calculated effort to usurp the good will that PLAINTIFF has spent a decade building.

15. After PLAINTIFF served DEFENDANT with notice of confusion and demand to cease and desist, DEFENDANT continued using the mark, attending another very large international industry trade show where PLAINTIFF was vending.

16. Despite receiving a second cease-and-desist letter, DEFENDANT elected not only to persist in using the marks "FIRE" and "ONLY SMOKE FIRE," but filed the above-referenced additional USPTO Trademark Applications for use on or for nicotine and smoking related goods.

17. DEFENDANT having received express notice, his continuation of infringement is not a result of ignorance or inadvertence, but a calculated decision made with full awareness of the confusion DEFENDANT had already causing among consumers.

18. Despite this warning and the knowledge of the adverse effects of his actions on PLAINTIFF's brand reputation, DEFENDANT deliberately disregards the legal rights of FIRE LYFE, LLC and willfully persists in the infringement.

19. By continuing to use the marks "FIRE" and "ONLY SMOKE FIRE," DEFENDANT demonstrates a clear intent to benefit from the reputation and goodwill associated with PLAINTIFF's well-established mark.

20. DEFENDANT's blatant infringement eroded and continues to erodes the goodwill and reputation that FIRE LYFE, LLC has worked tirelessly to build in the marketplace: wholesale customers complaining that they were not advised in advance, and given an opportunity to purchase PLAINTIFF's vaping devices.

21. DEFENDANT's blatant infringement additionally harms PLAINTIFF's goodwill, and reputation that it has worked tirelessly to build in the marketplace, by interfering with control over the quality and characteristics of the goods in the marketplace that bear the FIRE mark.

22. DEFENDANT's blatant infringement additionally harms PLAINTIFF economically, diverting revenue and interest in products that would otherwise have been directed toward PLAINTIFF.

## SECOND CAUSE OF ACTION

### Unfair Trade Practices

23. PLAINTIFF adopts and incorporates the above Paragraphs 12 through 19, 21 and 22 as though fully set forth herein.

24. By intentionally mimicking the verbiage and look and feel of the FIRE LYFE advertisements associated with the mark "FIRE", DEFENDANT sought to and created a false sense of association and/or false impression of source with PLAINTIFF's brand in the minds of consumers.

25. DEFENDANT's deliberate imitation of its mark, and mimicry of the PLAINTIFF's advertising and promotional techniques among the same consumers in the same

channels of trade, are clear indications that DEFENDANT was not merely inspired by PLAINTIFF's approach, but intentionally sought to ride on the coattails of PLAINTIFF's commercial success, effectively piggybacking thereon, and taking the benefit of recognition, without having invested the time, effort, and resources required to develop and establish his own distinct identity.

26. DEFENDANT in bad faith is unfairly capitalizing upon the success and reputation of FIRE LYFE, LLC.

## FOURTH CAUSE OF ACTION

### Equitable Relief

27. PLAINTIFF adopts and incorporates the above Paragraphs 13 through 22 as though fully set forth herein.

28. Registration of the FIRE and ONLY SMOKE FIRE marks in favor of DEFENDANT will injure PLAINTIFF by causing the trade and/or purchasing public to be confused, and/or deceived into believing that DEFENDANT's goods are those of PLAINTIFF, or are sponsored by PLAINTIFF, and to PLAINTIFF's further damage, as such registrations would place a cloud over PLAINTIFF's title to its FIRE and FIRE-derivative marks, in violation of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

//

//

//

PRAYER

**WHEREFORE,** PLAINTIFF PRAYS for:

1) That DEFENDANT be enjoined from continued pursuit of and obtaining Registrations for trademarks that infringe upon PLAINTIFF's FIRE marks;
2) For an accounting for and disgorgement of profits PLAINTIFF earned through use of the FIRE and ONLY SMOKE FIRE trademarks on goods in IC 025 and IC 034;
3) For trebble damages;
4) For attorney fees and costs;
5) For an injunction requiring DEFENDANT to
    a. immediately cease and desist from manufacture, sourcing, sales and distribution of the goods bearing infringing FIRE marks,
    b. destroy any remaining inventory and marketing materials utilizing the FIRE mark,
    c. provide a list of all consumers to whom the goods were sold, with full and complete contact information, and
6) that the Court grant any and all further relief to PLAINTIFF that it finds just and appropriate.

Dated this 27th day of July, 2023,

TRADEMARKS DOMESTIC INTERNATIONAL INC

By: _____
Lillian Taylor Stajnbaher
California State Bar No. 126753