JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRE LYFE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID JIANG; ONLY SMOKE FIRE, LLC, a California Liability Company,<br><br>　　　　　Defendants. | Case No. CV 23-6114-MWF(RAOx)<br><br>ORDER GRANTING STIPULATED JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS ONLY SMOKE FIRE, LLC AND DAVID JIANG |

The Court has reviewed the parties' Stipulated Final Judgment and Permanent Injunction Against Defendants Only Smoke Fire, LLC, a California Limited Liability Company, and David Jiang, an individual (the "Stipulation"). (Docket No. 58). For good cause shown, the Court **GRANTS** the Stipulation and **ORDERS** this Stipulated Judgment and Permanent Injunction as follows:

**1.** <u>**The Parties**</u>

**Plaintiff** FIRE LYFE GLOBAL, INC., a Florida Corporation, substituting in as successor-in-interest of trademarks owned by FIRE LYFE LLC, a Florida Liability Company, the original Plaintiff herein. **Defendants** ONLY SMOKE FIRE, LLC, a California Limited Liability Company, and DAVID JIANG, an individual (collectively, the "Parties").

///

2. **Enjoined Activities**

Defendant Only Smoke Fire, LLC, along with its officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them, including, but not limited to, the following similarly owned companies and entities: OSF Group LLC, OSF North America LLC, OSB NB LLC, OSF IP LLC, and any other entities directly or indirectly controlled by or affiliated with Defendant Only Smoke Fire, LLC or David Jiang (collectively, the "Enjoined Parties") are hereby **permanently enjoined** from:

   a. **Manufacturing, Marketing, Selling, or Distributing** any product bearing the "FIRE" trademark, a FIRE-Formative mark, or any confusingly similar mark, including, but not limited to, "FIRE XL," "ONLY SMOKE FIRE," and "FIRE USA," in any form or manner that infringes upon Plaintiff's trademarks, trade dress, or intellectual property rights as detailed in the Complaint, except as allowed in Section 3 of this Order.

   b. **Using the "FIRE" Mark in Any Form**: The Enjoined Parties are prohibited from using the "FIRE" mark, a FIRE-Formative mark, or any similar variations thereof in connection with any advertising, marketing, promotional materials, social media, domain names, or other public-facing communications, including, but not limited to, websites, social media accounts, and e-commerce platforms, except as allowed in Section 3 of this Order.

   c. **Claiming Ownership or Rights in the 'FIRE" Marks**: The Enjoined Parties shall not assert ownership or any rights to the "FIRE" trademarks, including, but not limited to, any attempts to register, maintain, or enforce any trademark registrations that are confusingly similar to Plaintiff's "FIRE" marks.

///

3. **Infringing Products Disposition**

    a. The Enjoined Parties will immediately make available for Plaintiff to pick up, ninety thousand (90,000) units of FIRE XL branded vaping devices, without functional or cosmetic defect, from Enjoined Parties' warehouse located at MH Logistics c/o OSF Group LLC, 3042 NW 73rd Street, Unit 4, Miami, Florida 33147.  Within ten days of this Stipulated Judgment and Permanent Injunction, the Enjoined Parties will make all other FIRE trademarked goods, such as hats, towels, lighters, etc., whether goods in commerce or promotional product materials, available for pick up from Enjoined Parties' warehouse located at MH Logistics c/o OSF Group LLC, 3042 NW 73rd Street, Unit 4, Miami, Florida 33147.

    b. **Limited Controlled License**:  The Enjoined Parties are provided a royalty free license through August 25, 2025, to sell of the remainder of their inventory of FIRE branded vaping devices.  In the event that Plaintiff brings purchasers for the FIRE XL product during the license period, Plaintiff will be paid a percentage rate of 65% calculated from gross sales within seven (7) days of the execution of the sale.  The Enjoined Parties must deliver three (3) commercially available samples to Plaintiff, from every lot of all of its vaping devices now in stock for review.  Plaintiff reserves the right to make inspections by providing written notice to Enjoined Parties two (2) business days prior to inspect their warehouse to confirm quality and quantity of FIRE goods, and to inspect sales records from August 25, 2024 to August 25, 2025.  The Enjoined Parties will make reasonable effort from distributing non-functioning vaping devices that bear the FIRE or a FIRE-Formative mark, whether such defect be functioning or cosmetic.  In the event that

the Enjoined Parties are notified of a non-functioning product, the Enjoined Parties will replace such product at no cost.

c. Plaintiff reserves the right to sell the infringing products. All sales proceeds generated as a result of selling the 90,000 units or products (pursuant to Section 3(a) of this Stipulated Judgment and Permanent Injunction) will be paid in full to Plaintiff. The order of priority for shipping and delivery of products is first to sales generated by or through Plaintiff.

d. Within ten (10) calendar days of August 25, 2025, the Enjoined Parties must destroy all products or packaging bearing the "FIRE" or "FIRE"-formative marks, or any similar variations, that remain in their possession, custody, or control, or remove the same from the United States, its territories, and the Dominican Republic, unless then agreed to by the parties for Plaintiff to accept possession. The Enjoined Parties must provide written certification, under oath, to the Court and Plaintiff's counsel confirming the destruction or the removal from the United States, its territories, and the Dominican Republic, of these items.

e. The Enjoined Parties must immediately destroy all promotional materials, except:

  i. The disposition of promotional material as identified in Section 3(a) of this Stipulated Judgment and Permanent Injunction.
  
  ii. FIRE and FIRE-formative websites, and any other website on which FIRE branded infringing products have been marketed (the FIRE domains) in compliance with Section 5(a) of this Stipulated Judgment and Permanent Injunction.
  
  iii. Social media accounts which will be rebranded and all content relating to smoking products will be removed within ten (10) days of August 25, 2025.

        iv. Wholesale sales sheets and order forms, and marketing materials specific to promote sales in the State of Texas.

**4. Prohibition on Future Infringement and Competition**

The Enjoined Parties are permanently prohibited from engaging in any business activities that would involve the use of the 'FIRE" mark, a FIRE-Formative mark, or any variations thereof in any competitive manner, or any manner that may cause confusion or deceive consumers into believing that their products are associated with or endorsed by the Plaintiff. This prohibition includes, but is not necessarily limited to, all nicotine products, smokers' articles, hemp products, clothing, and any other products marketed in conjunction with an infringing use.

**5. Transfer of IP and Digital Assets**

The Enjoined Parties shall transfer to Plaintiff all intellectual property, including, but not limited to, trademark registrations and domain names associated with the "FIRE" mark, and any infringing variations, within two (2) business days of this Stipulated Judgment and Permanent Injunction.

    a. The FIRE related domains in current form will continue to be hosted by the Enjoined Parties until August 25, 2025, except that:

        i. All reference to the products promoted being authentic, or to Plaintiff's products being counterfeit or infringing, will be removed.

        ii. The following will be added to the legend of each webpage, and as well, to all sales sheets, order forms, and marketing material in Texas, in type no smaller than 12 points:



Use by OSF of the FIRE® and ONLY SMOKE FIRE® marks herein, and sales of all products bearing the FIRE® mark are under licensed authority from FIRE LYFE® GLOBAL INC. ALL RIGHTS RESERVED.

  b. **Monetary Damages and Disclosures**

  The Enjoined Parties have made the material representations that no profits were derived from sales of infringing products, and that approximately 200,000 units of FIRE XL products remain in inventory prior to providing the 90,000 units to Plaintiff pursuant to Section 3(c) of this Stipulated Judgment and Permanent Injunction; and have offered to provide proof of these material representations. The Enjoined Parties will deliver verified profit and loss statements prepared by a licensed accountant. Proof of the remaining inventory and verified profit and loss statements prepared by a licensed accountant shall be provided to Plaintiff's counsel within 72 hours following the parties' execution of the Stipulation.

6. **Attorneys' Fees and Costs**

Within 72 hours following full execution of the parties' Stipulation, the Enjoined Parties will reimburse to Plaintiff, attorney's fees and costs incurred in this matter, in the amount of Seventy-Two Thousand Dollars ($72,000.00), said amount not calculable as revenue to Plaintiff.

7. **Reporting and Compliance**

The Enjoined Parties shall file a compliance report with the Court and serve a copy on Plaintiff's counsel within thirty (30) days of this Stipulated Judgment and Permanent Injunction, detailing the steps taken to comply with each term of the Permanent Injunction set forth in this Stipulated Judgment and Permanent Injunction. The report shall be signed under oath by an officer of each Enjoined Party.

8. **Attorney's Fees in the Event of Default**

In the event of default of the requirements herein or that either Party hereto resorts to legal action in order to enforce, defend, or interpret any of the terms or the provisions of this Stipulated Judgment and Permanent Injunction, the

prevailing party shall be entitled to receive from the non-prevailing party all reasonable fees and expenses of counsel associated with the legal action.

**9. Retention of Jurisdiction**

The Court shall retain jurisdiction over this matter to enforce any and all terms of this Permanent Injunction and Stipulated Judgment and Permanent Injunction.

**10. Release**

The Parties and Enjoined Parties agree to a mutual release of all known claims that either party has against the other, including their officers, stockholders, agents, attorneys in fact, administrators, executors, parents, subsidiaries, affiliates, licensees, successors, and assigns.

Dated: September 12, 2024

MICHAEL W. FITZGERALD
United States District Judge